[Cite as *Ross v. Berdyck*, 2026-Ohio-2693.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Peter J. Ross, :

     Plaintiff-Appellant, : No. 25AP-875
(C.P.C. No. 24CV-6691)

v. :

(ACCELERATED CALENDAR)

Matthew A. Berdyck, :

     Defendant-Appellee. :

---

D E C I S I O N

Rendered on July 14, 2026

---

**On brief:** *Peter J. Ross*, pro se. **Argued:** *Peter J. Ross.*

**On brief:** *Matthew A. Berdyck*, pro se. **Argued:** *Matthew A. Berdyck.*

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, Peter J. Ross, appeals from the October 28, 2025 judgment entry of the Franklin County Court of Common Pleas dismissing appellant's complaint, without prejudice, for lack of personal jurisdiction over defendant-appellee, Matthew A. Berdyck. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} On August 28, 2024, appellant initiated the underlying action by filing a 75-page complaint, including 30 pages of allegations and 45 pages of exhibits, as case No. 24CV-6691 in the Franklin County Court of Common Pleas. (Aug. 28, 2024 Compl.) The complaint asserted three causes of action against appellee: defamation and invasion of privacy; tortious interference with business relationships/contracts; and intentional infliction of emotional distress. The crux of the background allegations and allegations

in support of appellant's causes of action are set forth in the introductory paragraphs of the complaint:

> 1. The Plaintiff lives at 3507 Graystone Drive in Columbus, Ohio 43232 and does business as Sonnyboo Productions or Sonnyboo.com in Franklin County where Plaintiff works in the film/television industry.
>
> 2. Defendant, Matthew Berdyck is a resident of the state of California and his driver's license has the address 3463 State Street Apartment 198, Santa Barbara California 93105. Defendant appears to not have any regular employment and receives some small form of payment from Facebook for engagement under their "Bonuses" program. Defendant requests donations from social media using direct messenger. Defendant also receives money from his mother, Kathleen Kane.
>
> 3. On January 31st, 2022, Plaintiff filed for a Civil Stalking Protection Order against Defendant. Hearings took place on June 2nd and June 22nd, 2022 in Franklin County Common Pleas Court. In August, 2022 a ruling granting the CSPO was issued. Warrants were issued for Defendant's arrest in 2023 when he violated the CSPO. There are also criminal charges filed with the City of Columbus against Defendant for making violent threats towards Plaintiff in March of 2020 with three additional warrants for Defendant's arrest.
>
> 4. Defendant Matthew Berdyck engages in tortious interference of numerous business dealings, contracts, and employers of Plaintiff and Plaintiff's productions. Defendant Matthew Berdyck invades the privacy and defames the Plaintiff on a semi-daily basis, sometimes multiple times a day using, but not limited to social media posts, including audio and video recordings. Defendant has falsely accused Plaintiff of being a pedophile, defending pedophiles, engaged in felonies, stalking Defendant and others, obsessed with his daughter, and committing murder. Defendant records sometimes upward of five to six defamatory audio recordings in a single day. Defendant also deletes or removes some posts for seemingly random reasons. Defendant is engaged in intentional infliction of emotional distress.

(Compl. at ¶ 1-4.)

{¶ 3} Concurrently with the filing of the complaint on August 28, 2024, appellant requested service of the summons and complaint via certified mail at 3463 State St., Apt. 198, Santa Barbara, CA, 93105. (Case No. 24CV-6691 Court Docket Entry dated 08/24/2024.) The court's docket reflects a return receipt of service signed by a "Scott Green" on September 9, 2024. (Case No. 24CV-6691 Court Docket Entry dated 09/18/2024.) Importantly, however, the court's docket reflects a subsequent entry showing that the service envelope was returned a mere six days after the return receipt was received. (Case No. 24CV-6691 Court Docket Entry dated 09/24/2024.) The service envelope contains the notation "RETURN TO SENDER [-] NOT DELIVERABLE AS ADDRESSED [-] UNABLE TO FORWARD." (*See id.*)

{¶ 4} Meanwhile, on August 30, 2024, appellant filed an application to appoint a civil process server pursuant to Civ.R. 4.1(D). That application was denied by the trial court on October 24, 2024. (Oct. 4, 2024 Jgmt. Entry.)

{¶ 5} On December 23, 2024, appellant submitted a change of address for appellee and requested that certified mail of the summons and complaint be issued to appellee at 2679 Sea Wind Drive, Salton Sea, CA, 92274. (Case No. 24CV-6691 Court Docket Entry 12/3/2024.) The court's docket reflects that the service attempt failed for the reason of "not deliverable as addressed." (Case No. 24CV-6691 Court Docket Entry 01/14/2025.)

{¶ 6} On January 23, 2025, appellant filed a second application to appoint a civil process server pursuant to Civ.R. 4.1(D). On February 6, 2025, appellant filed a motion for service by publication (Feb. 6, 2025 Mot. for Service by Publication.)

{¶ 7} On April 2, 2025, the trial court denied both the application for appointment of process server and the motion for service by publication. (*See* Apr. 2, 2025 Entry.)

{¶ 8} On April 8, 2025, appellant filed a motion for default judgment.[1] In it, appellant asserted that he was entitled to default judgment "for the reason that [appellee]

---

[1] Multiple versions of the motion for default judgment were filed by appellant, apparently due to e-filing errors and/or issues. The most recent version of the motion for default judgment was the April 8, 2025 filing and was the one considered by both appellant and the trial court as the operative and correct version. (*See* Apr. 16, 2025 Resp. to Order to Show Cause.)

failed to plead or otherwise defend against the Complaint within the time mandated by the Ohio Rules of Civil Procedure." (Apr. 8, 2025 Mot. for Default Jgmt. at 1.)

{¶ 9} On April 22, 2025, appellee filed a document entitled "Response, Motion For Leave, Motion For Dismissal, Motion For Statutory Damages, Motion To Establish Plaintiff As Vexatious Litigator."[2] The trial court ultimately considered this filing to be a Civ.R. 12(B) motion to dismiss. (*See* Oct. 28, 2025 Dismissal for Lack of Personal Jurisdiction at 2.) In his April 22, 2025 filing, appellee asserted that he had not been served with the summons and complaint; that he does not reside at 3463 State Street, Santa Barbara, CA and that instead this location is a "commercial mailbox store"; that he had no connection to this location and/or any person who may have signed for the delivery of the notices mailed from the "Franklin County courts"; and that "the mailbox store returned the court documents as undeliverable, as noted in the docket for this case, and the envelopes were returned unopened and unread, with tracking numbers." (*See* Apr. 22, 2025 Resp., at 7-8.)

{¶ 10} On April 22, 2025, the trial court issued an entry denying all outstanding motions filed by appellant, including the motion for default judgment, based on appellant's failure to show that his motions had been properly served upon appellee. (Apr. 22, 2025 Entry.)

{¶ 11} On April 23, 2025 appellant filed a motion for reconsideration of the decision denying all of his outstanding motions, including his motion for default judgment. On the same day, appellant also filed a memorandum in opposition to appellee's motion to dismiss. (Apr. 23, 2025 Memo in Opp.) In his memorandum in opposition, appellant argued that appellee was properly served with the summons and complaint on September 9, 2024 via certified mail, with the return receipt showing it was signed by "Scott Green." *Id.* at 2. Appellant further argued that the signed return receipt created a presumption of valid service, and that the trial court had acknowledged as such.[3]

---

[2] Two versions of the motion to dismiss were filed by appellee, but he filed a request that the trial court consider the second version filed and disregard the former. (*See* Apr. 23, 2025 Mot. to Remove Filing from Docket.)

[3] Although appellant did not specifically cite to any entry showing the trial court's acknowledgement of a presumption of service, we note that the trial court did make such a finding in its entry denying appellant's application for appointment of process server and motion for service by publication. (*See* Apr. 2, 2025 Entry.)

Appellant also asserted appellee's own emails to the trial court confirm actual notice, "which cures any minor defect" in service. *Id.*

{¶ 12} On June 4, 2025, the trial court granted appellant's motion for reconsideration and set a non-oral hearing date of June 13, 2025 for the purpose of addressing appellant's April 8, 2025 motion for default judgment, including any response thereto of appellee. (*See* June 4, 2025 Entry.)

{¶ 13} On June 8, 2025, appellee filed a combined motion for summary judgment and further response to appellant's motion for default judgment. In this filing, appellee asserted his current domicile address is 2679 Sea Wind Avenue, Salton City, California 92274[4], and that his previous domicile address was 101 S. Topanga Canyon Blvd., Apt. 1024, Topanga, California 90290.

{¶ 14} On June 16, 2025, the trial court issued its decision denying appellant's motion for default judgment. (June 16, 2025 Entry). In it, the trial court found that appellee had presented sufficient evidence to show that he had not been served with the summons and complaint. The trial court further found:

> [Appellant] has not provided evidence to rebut [appellees'] assertions. To the contrary, [appellant's] own requests for service in this case indicate [his] belief that [appellee] does *not* reside at the State Street address. Moreover, the fact that service was returned from the State Street address with a signature bearing the name of an individual who is not the [appellee] supports the conclusion that [appellee] has not been served in this matter.

(Emphasis in original.) *Id.* at 5. Additionally, the trial court determined that appellee had not waived the defense of lack of personal jurisdiction in the matter because he had asserted that he was not served in the first filing he made in the case on April 22, 2025. *Id.* The trial court then specifically advised appellant that he "may reattempt service in this matter until the one-year deadline from the filing of the Complaint by which service must be acquired before the Court lacks jurisdiction to hear the matter entirely." *Id.*, citing *Kerby v. Zerick*, 2024-Ohio-5665, ¶ 11-19 (10th Dist.).

---

[4] We note that when appellant submitted his first change of address for purposes of service on appellee, he identified appellee's address as 2679 Sea Wind *Drive*, Salton *Sea*, CA, 92274. (Emphasis added.) As noted previously, the trial court's docket reflects that the service attempt at this address failed for the reason of "not deliverable as addressed." (Case No. 24CV-6691 Court Docket Entry 01/14/2025.)

{¶ 15} On July 29, 2025, appellant filed a second motion for default judgment titled as "Motion for Default Judgment Following Defendant's Waiver of Service." In this motion, appellant argued the following:

> **This is not a motion for reconsideration of the Court's prior service ruling**. Rather, it is a procedurally distinct and independently valid request for default judgment under Civ.R. 55(A), based entirely on Defendant Matthew Berdyck's waiver of service through his repeated and voluntary merits-based litigation. **This motion does not rely on prior service attempts, but instead on waiver** established under Civ.R. 12(H), which renders any prior service defect irrelevant.

(Emphasis on original.) (July 29, 2025 Mot. for Default Jgmt. at 1.) Appellant further argued that because appellee had waived service by his participation in the litigation, including by specifically engaging with the court on the merits of the case by filing discovery motions and motions for summary judgment beginning on May 2, 2025, he was required to file an answer to appellant's complaint no later than 28 days from that date, i.e., by May 30, 2025. Because appellee never filed an answer, argued appellant, he was in default and appellant was entitled to judgment pursuant to Civ.R. 55(A).

{¶ 16} On October 28, 2025, the trial court issued its entry of dismissal for lack of personal jurisdiction. (Oct. 28, 2025 Entry.) In its entry of dismissal, the trial court rejected appellant's arguments regarding appellee's ostensible waiver of service and found that contrary to appellant's position, under the authority of *Ackman v. Mercy Health W. Hosp., LLC.*, 2024-Ohio-3159, even appellee's "numerous assertions upon the merits of this case do *not* constitute a waiver of the defense of insufficiency of service of process." (Emphasis in original.) *Id.* at 2. The court reiterated its prior finding in its June 16, 2025 denying appellant's motion for default judgment that appellee "asserted that he was not served in this matter in the first filing he made with the Court on April 22, 2025." *Id.*

{¶ 17} Ultimately, the trial court found that because appellee was not served within one year of the filing of the complaint, i.e., by August 28, 2025, the action was never commenced, and the trial court lacked personal jurisdiction over appellee. *Id.*,

citing *Kerby*, 2024-Ohio-5665, at ¶ 12, 14 (10th Dist.)  The trial court dismissed the complaint without prejudice.

{¶ 18}  This timely appeal followed and is now before the court.

## II. Assignments of Error

{¶ 19}  Appellant assigns the following four errors for our review:

I. (De Novo; Abuse of Discretion)

The trial court erred by relying on Defendant's April 22, 2025 "Motions to Dismiss" to preserve a service defense where both filings were Civ.R. 11 nullities (unsigned on the motion; no contact block), and the trial court never identified *which* of the two conflicting April 22 filings it relied upon.

II. (De Novo)

Independently, the court's June 16, 2025 denial rested on Defendant's June 8, 2025 filing and exhibits that omitted the Civ.R. 11 contact block, rendering them nullities; without that non-operative paper, service remained valid and the June 16 ruling must be vacated.

III. (Abuse of Discretion; Due Process)

**The court denied a brief evidentiary hearing on sworn, outcome-determinative facts** (service, address evidence, obstruction, waiver) and left time-sensitive motions unresolved, contrary to Sup.R. 40(A). Compounding the due-process violation, the court left unruled Plaintiff's renewed show-cause/contempt motion documenting harassment and intimidation of a process server and named parties, conduct that directly frustrated service and demonstrated Defendant's bad-faith evasion of process. The court denied Plaintiff's motions for publication and process-server appointment as '*not well taken*', effectively blocking avenues to cure any perceived service issues, yet dismissed for lack of service while indulging Defendant's non-compliant filings — a selective application that denied a fair opportunity to resolve jurisdiction. Compounding the imbalance, the court credited Defendant's Civ.R. 11-defective papers to dismiss. That inconsistent application of procedural rules reinforces the need for an evidentiary hearing and for the court to have

held the Civ.R. 3(A) dismissal in abeyance pending resolution of contested service facts.

At minimum, the court should be directed on remand to promptly rule on Plaintiff's May 30, 2025 renewed show-cause motion alongside the service hearing, as both bear directly on evasive conduct and the service determination.

IV. (De Novo)

**Civ.R. 3(A)/4(E) was misapplied.** Cases like *Kerby/Williams* presuppose a **properly preserved** service defense and a **clean record**.

Here, preservation **failed at the threshold** (Assignment I), and Defendant's subsequent merits litigation independently effected waiver. (Assignment III). **Separately, even if a Civ.R. 3(A)/4(E) analysis were reached, the trial court's only cited basis for "service concerns" was Defendant's June 8, 2025 submission—an operative nullity under Civ.R. 11** (Assignment II). Once that paper is set aside, the record reverts to certified-mail service completed on September 18, 2024 (R. 95) with no Answer filed, so default, not dismissal, follows on this independent track. Applying Civ.R. 3(A)/4(E) on this record rewards gamesmanship and contravenes the rule's predicate.

(Emphasis in original.) (Sic passim.)

## III. Law and Analysis

### A. Standard of Review

{¶ 20} We review a trial court's dismissal of a complaint based on the lack of personal jurisdiction de novo. *Shah v. Simpson*, 2014-Ohio-675, ¶ 9 (10th Dist.), citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 2010-Ohio-2551.

### B. Discussion

{¶ 21} All four of appellant's assignments of error relate to the heart of the matter of this appeal: did the trial court err in dismissing appellant's complaint, without prejudice, for lack of personal jurisdiction over appellee due to failure of service? Because we find that it did not so err, we overrule appellant's assignments of error *in toto*, as more fully explained below.

{¶ 22} Civ.R. 3(A) provides, in relevant part, that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." "Thus, under the provisions of Civ.R. 3(A), 'an action is not deemed to be "commenced" unless service of process is obtained within one year from the date of the filing of the action.' " *Boggs v. Denmead*, 2018-Ohio-2408, ¶ 22 (10th Dist.), quoting *Saunders v. Choi*, 12 Ohio St.3d 247, 250 (1984). "Further, '[i]f service is not perfected under Civ.R. 3(A) within a year of filing the complaint, dismissal of the complaint is appropriate.' " *Id.*, quoting *McAbee v. Merryman,* 2013-Ohio-5291, ¶ 16 (7th Dist.).

{¶ 23} "In accordance with Civ.R. 4.1(A), 'service of process via certified mail is evidenced by a return receipt signed by any person.' " *Boggs* at ¶ 24, quoting *TCC Mgt. v. Clapp*, 2005-Ohio-4357, ¶ 11 (10th Dist.). "When service of process is attempted by certified mail, 'a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee.' " *Id.* Where a plaintiff follows the civil rules governing service of process, and a signed receipt is returned, a rebuttable presumption of proper service arises. *See id.*, citing *Chuang Dev. LLC v. Raina*, 2017-Ohio-3000, ¶ 31 (10th Dist.). A defendant may, however, rebut the presumption of proper service with sufficient evidence that service was not accomplished despite that a signed receipt is returned and entered on the docket. *See id.*, citing *Chuang Dev.* at ¶ 32. Importantly, the presumption of valid service arises only in cases where the fact of return receipts being received is entered on the docket and the signed return receipts are filed in the record by the Clerk of Courts as required by Civ.R. 4.1(A)(2). *See generally Boggs* at ¶ 8, 23-24.

{¶ 24} Furthermore, we have held that under Ohio law, the failure of proper service is not merely " 'a minor, hypertechnical violation of the rules.' " *Boggs* at ¶ 36, quoting *McAbee* at ¶ 16, quoting *Cleveland v. Ohio Civil Rights Comm.,* 43 Ohio App.3d 153, 157 (8th Dist. 1989). Rather, in the absence of proper service of process, "a trial court lacks jurisdiction to enter a judgment against that defendant." *Id.*; *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "If a trial court renders a judgment without first obtaining personal jurisdiction over the defendant, that judgment is void ab initio." *Ostendorf v. Darling*, 2021-Ohio-2781, ¶ 10 (10th Dist.), citing *Third Fed. Sav. & Loan Assn. v. Taylor*, 2017-Ohio-7620, ¶ 11 (10th Dist.); *Young v. Locke*, 2014-Ohio-2500, ¶ 21 (10th Dist.).

{¶ 25} "Service of the summons and complaint ' "is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." ' " *During v. Quoico*, 2012-Ohio-2990, ¶ 25 (10th Dist.), quoting *Omni Capital Internatl., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987), quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946). Absent a waiver, proper service of process is a prerequisite for personal jurisdiction. *Williams v. Gray Guy Group, L.L.C.*, 2016-Ohio-8499, ¶ 18 (10th Dist.). Under the Civil Rules, "[t]he obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, ¶ 16, citing *Maryhew* at 159.

{¶ 26} Indeed, even active participation in a civil case does not constitute a waiver of the affirmative defense of insufficient service of the complaint where a defendant has properly raised and preserved the defense. *Gliozzo* at ¶ 18. A defendant's actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules by properly effectuating service of process. *Laneve v. Atlas Recycling, Inc.*, 2008-Ohio-3921, ¶ 22; *Hunter v. Rhino Shield*, 2019-Ohio-1422, ¶ 29 (10th Dist.); *Boggs*, 2018-Ohio-2408, at ¶ 36 (10th Dist.); *Erin Capital Mgt. LLC v. Fournier*, 2012-Ohio-939, ¶ 28 (10th Dist.). Instead, " ' [t]he Civil Rules are a mechanism that governs the conduct of all parties equally.' " *Laneve* at ¶ 23.

{¶ 27} Here, the trial court's docket itself clearly evinces there is no signed return of service entered upon the docket. The docket plainly shows appellee was not served because the one and only "service complete" entry of September 9, 2024 showing a person by the name of "Scott Green" signed for the certified mail was returned as "RETURN TO SENDER [-] NOT DELIVERABLE AS ADDRESSED [-] UNABLE TO FORWARD" only six days after the return receipt was received. (*See* Case No. 24CV-6691 Court Docket Entry dated 09/24/2024.) There are no other entries indicating service was ever effected. To the contrary, there are instead multiple entries showing attempts at service at varying addresses, by certified mail and/or by ordinary mail. No entry shows a successful service attempt except the very first September 9, 2024 entry—which again, was promptly returned as undeliverable.

{¶ 28} As the case law discussed above sets forth, a presumption of service arises *only* when a signed return of service is received by the clerk and is entered on the docket. Here, there is no signed return of service entered on the docket. Thus, contrary to appellant's assertions, no presumption of service ever arose in this case.

{¶ 29} Furthermore, there is no evidence that appellee ever waived service. Rather, as the trial court found, appellee consistently asserted he had not been served. (*See, e.g.*, Apr. 22, 2025 Mot. to Dismiss; June 8, 2025 Resp. to Mot. for Default Jgmt.) Nor has appellant "waived service" by participation in the case from his April 22, 2025 filing onward. *Gliozzo*, 2007-Ohio-3762, at ¶ 18. Finally, to the extent appellant's assignments of error claim that appellee's assertions of the defense of failure of service and service of process fail by virtue of Civ.R. 11 defects in appellee's filings, we expressly reject such contentions. Therefore, appellee is not precluded from continuing to assert his validly preserved defenses based on failure of service and service of process.

{¶ 30} In short, the trial court correctly determined that appellant failed to perfect service of process within one year of the filing of the complaint as required by Civ.R. 3(A), that the action therefore failed to commence, that the trial court lacked personal jurisdiction over appellee, and therefore dismissal of appellant's complaint, without prejudice, was warranted.

{¶ 31} Accordingly, based on the foregoing, appellant's four assignments of error are overruled.

## IV. Disposition

{¶ 32} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J., BEATTY BLUNT, J., and MENTEL, concur.

———————————